IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In-N-Out Burgers, Inc., | ) |
| Plaintiff, | ) 2:10-cv-1519-GEB-GGH |
| v. | ) ORDER |
| Major S. Bains, d.b.a. In N Out Smog, | ) |
| Defendant. | ) |

On May 31, 2011, the parties filed a "[Proposed] Stipulated Consent Judgment and Permanent Injunction" in which they state they have "reached a Settlement resolving all actual and potential claims between the parties," and request a permanent injunction issue prohibiting Defendant from "using . . . any of In-N-Out's registered marks or colorable imitations thereof;" "using the term 'IN N OUT' in any graphic display or print advertising of any kind;" and "operating any business under an 'IN N OUT' derivative trade name." (See [Proposed Stipulated Consent Judgment and Permanent Injunction.)

However, "the mere fact that the parties agree that the court should exercise continuing jurisdiction [in the form of issuing an injunction] is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996) (citations omitted). "[A] federal judge . . . is not mechanically obligated to grant an injunction for every violation of law." Weinberger v. Romero-Barcelo, 456 U.S. 305,

313 (1982) (citing Tennessee Valley Auth. v. Hill, 437 U.S. 153, 193 (1978)).  "The requirements for the issuance of [an] injunction are the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law."  Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1495 (9th Cir. 1996) (citations omitted); eBay v. MercExchange, LLC, 547 U.S. 388, 391 (2006) (finding that "according to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief").

Here, the parties have given no indication why the permanent injunction they seek is necessary.  Therefore, this request is denied.  Further, since the parties have settled this action and have agreed that "all claims asserted in this action are hereby dismissed," this action is dismissed ([Proposed] Stipulated Consent Judgment and Permanent Injunction ¶ 4).  Cf. Oswalt v. Scripto, Inc., 616 F.2d 191, 194-95 (5th Cir. 1980) (indicating even when parties fail to enter a formal stipulation of dismissal entered in the record" the court may dismiss the action when it is evident that the parties intended to have the action dismissed).

Dated:  June 22, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

2